**Dinesh SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–73431.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 23, 2012.

Judith L. Wood, Esquire, Law Offices of Judith L. Wood & Jesse A. Moorman, Los Angeles, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Richard Zanfardino, Trial, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Dinesh Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

Singh does not allege past persecution. With respect to his fear of future harm in India, substantial evidence supports the agency's conclusion that Singh failed to establish a clear probability that he would be persecuted on account of his Christian religion or his conversion to Christianity. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003) (no compelling evidence that persecution of nonpolitical Albanians in Kosovo is so widespread that applicant faced a clear probability of persecution). Accordingly, Singh's withholding of removal claim fails.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the agency's finding that Singh has not established that it is more likely than not he would be tortured by the government or with the government's consent or acquiescence if returned to India. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir.2009). Accordingly, Singh's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.